**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KAREN JONES,**

**Plaintiff,**

**v.**

**SHIRLEY TROUTMAN, et al.,**

**Defendants.**

**Case No. 26-2720-DDC-GEB**

**MEMORANDUM AND ORDER**

Pro se[1] plaintiff Karen Jones has filed a perfunctory Complaint. The entirety of the Complaint reads: "Defendants dumped trash everywhere, cause [sic] environmental problems[.] They should reminded [sic] of such behaviors." Doc. 1. The court lacks jurisdiction over this "patently insubstantial complaint[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989). Plaintiff's passing reference to environmental problems, unadorned with factual allegation, is the sort of "wholly insubstantial" and "obviously frivolous" claim that can't suffice to invoke federal-court jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quotation cleaned up). The court thus dismisses the Complaint. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

Hesitant to dismiss this action prematurely, the court will permit plaintiff to file an amended complaint within 14 days of this Order. *See Shapiro v. Campanelli*, 2026 WL

---

1 When a plaintiff proceeds pro se, the court construes filings liberally—but won't serve as the pro se litigant's advocate. *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

1970556, at *1 (10th Cir. July 8, 2026) (reversing dismissal under 28 U.S.C. § 1915(e) for failing to explain why amendment couldn't cure complaint's deficiencies). Any amended pleading must contain sufficient factual allegations for the court to exercise subject matter jurisdiction over plaintiff's claims. The court further directs plaintiff to comply with Federal Rule of Civil Procedure 8—*i.e.*, any complaint must contain: (1) specific factual allegations showing that plaintiff "is entitled to relief" and (2) "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1), (2). If plaintiff fails to submit an amended complaint or fails to comply with this Order's directives, the court summarily will dismiss this case without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Karen Jones's Complaint (Doc. 1) is dismissed.

**IT IS FURTHER ORDERED THAT** plaintiff must file an amended complaint within 14 days of this Order, and it must comply with the legal standard summarized in this Order. If plaintiff fails to do so, the court will dismiss and close this case without prejudice.

**IT IS SO ORDERED.**

**Dated this 17th day of November, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**